C. J. Alice Chen (CSB No. 228556)
(achen@fenwick.com)
FENWICK WEST LLP
Silicon Valley Center, 801 California Street
Mountain View, CA 940401
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Plaintiffs/Counterclaim-Defendants
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA, ABBOTT MOLECULAR INC., and
ABBOTT LABORATORIES INC.

Richard J. Smith (CSB No. 224782)
(rsmith@finnegan.com)
Tina E. Hulse (CSB No. 232936)
(tina.hulse@finnegan.com)
David C. Hoffman (Admitted *Pro hac vice*)
(david.hoffman@finnegan.com)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Stanford Research Park, 3300 Hillview Avenue
Palo Alto, California 94304
Telephone:    (650) 849-6600
Facsimile:    (650) 849-6666

Attorneys for Defendant/Counterclaim-Plaintiff
DAKOCYTOMATION CALIFORNIA, INC.

[Additional Counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ABBOTT MOLECULAR INC., and ABBOTT LABORATORIES INC.,<br><br>　　　　　Plaintiffs/Counterclaim-Defendants,<br><br>　　v.<br><br>DAKOCYTOMATION CALIFORNIA, INC.<br><br>　　　　　Defendant/Counterclaim-Plaintiff. | CASE NO. C 05-3955 MHP<br><br>**STIPULATION REGARDING DISCOVERY PENDING ENTRY OF PROTECTIVE ORDER** |

1  Defendant/Counterclaim-Plaintiff DakoCytomation California, Inc. ("Dako"), and
2  Plaintiffs/Counterclaim-Defendants The Regents of the University of California, Abbott Molecular
3  Inc., and Abbott Laboratories Inc. (collectively "Plaintiffs"), through their respective outside
4  attorneys of record (Finnegan, Henderson, Farabow, Garrett, & Dunner L.L.P. and Fenwick & West
5  LLP), stipulate as follows:

6  1.  Documents and things produced by a party prior to entry of a Protective Order, and
7  marked or otherwise designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE
8  ATTORNEYS EYES ONLY," shall not be disclosed to any person or entity other than each parties'
9  outside attorneys of record and the employees of such outside attorneys to whom disclosure is
10 reasonably necessary for purposes of this litigation. Such person(s) to whom disclosure of a
11 confidential document, thing, or information is made shall keep it confidential and use it only for
12 purposes of this litigation.

13 2.  Interrogatories and requests for admission answered by a party prior to entry of a
14 Protective Order, and marked or otherwise designated as "CONFIDENTIAL" or "CONFIDENTIAL
15 - OUTSIDE ATTORNEYS EYES ONLY," shall not be disclosed to any person or entity other than
16 each parties' outside attorneys of record and the employees of such outside attorneys to whom
17 disclosure is reasonably necessary for purposes of this litigation. Such person(s) to whom disclosure
18 of confidential information is made shall keep it confidential and use it only for purposes of this
19 litigation.

20 3.  Prior to entry of a Protective Order, depositions and all testimony, documents, and
21 information elicited therein or discussed during the course thereof shall be treated as "Outside
22 Attorneys Eyes Only." Any such depositions shall be conducted only in the presence of each
23 parties' outside attorneys of record and court reporters who have signed the Confidentiality
24 Agreement attached as Exhibit A hereto. The depositions and any testimony, documents, or
25 information elicited therein or discussed during the course thereof shall not be disclosed to any
26 person or entity other than each parties' outside attorneys of record and the employees of such
27 outside attorneys to whom disclosure is reasonably necessary for purposes of this litigation. Such
28 person(s) to whom disclosure of such depositions, testimony, documents, or information is made

1. shall keep it confidential and use it only for purposes of this litigation. The original and all copies of the deposition transcript, videotape, and any other reporting format, and all exhibits, shall be marked "CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY" and shall be furnished only to the deponent and the parties' outside attorneys of record. This Stipulation shall not in any way restrict a party's assertion of objections or right to move for an order pursuant to Rules 26(c), 30(d)(4), or 45(c)(3)(A) of the Federal Rules of Civil Procedure, nor shall this Stipulation require disclosure of any particular document, thing, or information.

4. No pleading, paper, or other document shall be filed or lodged in this action that contains or discloses any "Outside Attorneys Eyes Only" document, information, or testimony obtained from another party, unless the pleading, paper, or other document that contains or discloses any "Outside Attorneys Eyes Only" document, information, or testimony obtained from another party is filed or lodge under seal pursuant to the procedures set forth in the Northern District of California Local Rules. At least two (2) court days prior to the filing or lodging of any such pleading, paper, or other document, the parties shall meet and confer to discuss whether the pleading, paper, or other document can be filed or lodged in a manner so as not to contain or disclose any "Outside Attorneys Eyes Only" document, information, or testimony obtained from another party.

5. Within thirty (30) days after entry of a Protective Order, each party shall redesignate (if appropriate) any item of discovery it has previously produced or provided that, pursuant to the Protective Order, no longer qualifies for the "Outside Attorneys Eyes Only" designation as set forth in Patent L.R. 2-2 or this Stipulation.

STIPULATED AND AGREED TO BY:

| | | |
|---|---|---|
| 1 | Dated: March 27, 2006 | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P. |
| 2 | | |
| 3 | | By: /s/ Richard J. Smith |
| 4 | | Tina E. Hulse |

Attorneys for Defendant/Counterclaim-Plaintiff
DAKOCYTOMATION CALIFORNIA, INC.

OF COUNSEL:

Thomas H. Jenkins (Admitted *Pro hac vice*)
(Tom.Jenkins@finnegan.com)
Anthony C. Tridico (Admitted *Pro hac vice*)
(anthony.tridico@finnegan.com)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue
Washington, D.C. 20001-4413
Telephone:   (202) 408-4000
Facsimile:    (202) 408-4400

Dated: March 27, 2006

FENWICK & WEST LLP

By: /s/
C. J. Alice Chen

Lynn H. Pasahow
(lpasahow@fenwick.com)
Virginia K. DeMarchi
(vdemarchi@fenwick.com)
Michael J. Shuster
(mshuster@fenwick.com)
Carolyn Chang
(cchang@fenwick.com)

Attorneys for Plaintiffs/Counterclaim-Defendants
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA, ABBOTT MOLECULAR INC., and
ABBOTT LABORATORIES INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: ____March 28____, 2006

IT IS SO ORDERED
Judge Marilyn H. Patel
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STIPULATION REGARDING DISCOVERY
PENDING ENTRY OF ORDER
CASE NO. C 05-3955 MHP

4

**EXHIBIT A**

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____ state:

1. I reside at _____.

2. I have received a copy of the Stipulation Regarding Discovery Pending Entry of Protective Order ("Stipulation") executed by counsel for the parties on _____, 2006, on behalf of The Regents of the University of California, Abbott Molecular Inc., Abbott Laboratories Inc., and DakoCytomation California, Inc. in the action entitled *The Regents of the University of California, et al. v. DakoCytomation California, Inc.*, Civil Action No. C 05-3955 MHP, United States District Court, Northern District of California.

3. I have read and understood, and agree to comply with and be bound by, the provisions of said Stipulation. I understand that I am to retain all copies of any testimony, documents, and information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any testimony, documents, and information are to be returned to counsel for the party who provided such testimony, documents, and information. I will not divulge such testimony, documents, and information to persons other than those specifically authorized by said Stipulation, and will not copy or use any such testimony, documents, and information, other than as provided in said Stipulation. I agree to submit to the jurisdiction of the Court for purposes of enforcement of said Stipulation.

4. Upon entry of a Protective Order, I agree to comply with all terms thereof and to execute a Confidentiality Agreement confirming my obligations and compliance under such Protective Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _____ day of _____, 2006.

_____