1   LYNN H. PASAHOW (CSB No. 054283)
    (lpasahow@fenwick.com)
2   FENWICK & WEST LLP
    Silicon Valley Center
3   801 California Street
    Mountain View, CA 94041
4   Telephone: (650) 988-8500
    Facsimile:  (650) 938-5200
5   Attorneys for Plaintiffs/Counterclaim-Defendants
    THE REGENTS OF THE UNIVERSITY OF
6   CALIFORNIA, ABBOTT MOLECULAR INC., and
    ABBOTT LABORATORIES INC.
7
    RICHARD J. SMITH (CSB No. 224782)
8   (rsmith@finnegan.com)
    FINNEGAN, HENDERSON, FARABOW,
9   GARRETT & DUNNER, L.L.P.
    Stanford Research Park
10  3300 Hillview Avenue
    Palo Alto, California 94304-1203
11  Telephone: (650) 849-6600
    Facsimile:  (650) 849-6666
12  Attorneys for Defendant/Counterclaim-Plaintiff
    DAKOCYTOMATION CALIFORNIA, INC.
13
    [Additional Counsel appear on signature page]
14

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                     SAN FRANCISCO DIVISION

18

19  THE REGENTS OF THE UNIVERSITY          Case No. C 05-03955 MHP
    OF CALIFORNIA, ABBOTT
20  MOLECULAR INC., and ABBOTT             ~~[PROPOSED]~~ STIPULATED
    LABORATORIES INC.,                     PROTECTIVE ORDER
21
                  Plaintiffs/Counterclaim
22                -Defendants,

23        v.

24  DAKOCYTOMATION CALIFORNIA,
    INC.,
25
                  Defendant/Counterclaim
26                -Plaintiff.

27

28

*(left margin)* FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1      Pursuant to Federal Rule of Civil Procedure 26(c), and in order to facilitate production and

2    receipt of information during discovery in the above-referenced action, plaintiffs/counterclaim-

3    defendants The Regents of the University of California ("The Regents"), Abbott Molecular Inc.

4    and Abbott Laboratories Inc. ("Abbott"), and defendant/counterclaim-plaintiff DakoCytomation

5    California, Inc. ("Dako") hereby stipulate, subject to the approval of the Court, to entry of the

6    following Order for the protection of certain Protected Information, as defined below, that may be

7    produced or otherwise disclosed by a party or by non-parties during the course of this action:

8       1.    This Order shall be applicable to and govern without limitation, all information,

9    things or documents (or portions thereof) produced in responses to discovery requests and

10    subpoenas, answers to interrogatories, responses to requests for admissions, depositions and

11    exhibits thereto, and all other discovery taken, motions papers, pretrial orders, stipulations,

12    testimony adduced at trial, matters in evidence before this Court and other information provided

13    by a party, or non-party responding to a subpoena, which contain non-public and confidential or

14    proprietary information, including trade secrets; know-how or proprietary data; research and

15    development, business, financial or commercial information ("Protected Information").  Any

16    party to this action or non-party producing materials or information in response to a subpoena

17    ("Designating Party") may designate for protection under this Order any Protected Information

18    that is furnished, filed or served directly or indirectly, by or on behalf of that party in connection

19    with this proceeding.  Such Protected Information shall be indicated by means of the designation

20    "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – RESTRICTED SEQUENCE

21    DATA," or "CONFIDENTIAL," as the case may be.

22       2.    Protected Information shall not include any information that:

23          a.    is or becomes lawfully in the possession of the party receiving the same

24    ("Receiving Party") through communications other than production or disclosure in this action; or

25          b.    is or becomes part of the public domain by publication or otherwise and not

26    due to any unauthorized act or omission on the part of the Receiving Party.

27       3.    Documents and other tangible materials (including, without limitation, CD-ROMs

28    and tapes), other than depositions or other pretrial testimony shall be designated for protection

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

under this Order by conspicuously affixing the notation "HIGHLY CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – RESTRICTED SEQUENCE DATA," or "CONFIDENTIAL" on

each page (or in the case of computer medium, on the medium itself) to which the designation

applies, as well as to the first page or cover of such document or material.  To the extent practical,

the HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL – RESTRICTED SEQUENCE

DATA, or CONFIDENTIAL designation shall be placed near the Bates number.

4.      Designation of specific portions of deposition transcripts or pretrial testimony as

HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL – RESTRICTED SEQUENCE DATA,

or CONFIDENTIAL shall be made by a statement to such effect on the record in the course of the

deposition or pretrial testimony.  Upon designation of the transcript on the record during the

deposition, the portion of the deposition containing Protected Information shall continue in the

absence of all persons to whom access to said Protected Information has been denied under the

terms of this Order.  The deposition reporter or other person recording the proceedings shall

segregate any portion of the transcript of the deposition or hearing that has been stated to contain

Protected Information and may furnish copies of these segregated portions, in a sealed envelope,

only to the deponent as required by law, to the Court, and to counsel for the parties bound by the

terms of this Order. A Designating Party may also designate any portion or all (if appropriate) of

the transcript as HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL – RESTRICTED

SEQUENCE DATA, or CONFIDENTIAL with reference to the pages and lines of testimony in

the transcript, by so advising the deposition reporter (who shall indicate the designations in the

transcript) and all parties in writing, within thirty (30) calendar days after receipt of the transcript.

Deposition exhibits shall be treated in accordance with any prior designation under this Order, or

may be specifically designated under this Order on the record during the deposition or within

writing within thirty (30) calendar days after the Designating Party has received the deposition

exhibits.  If no other designation has been made, a transcript and its exhibits shall be treated as

HIGHLY CONFIDENTIAL – RESTRICTED SEQUENCE DATA until thirty (30) calendar days

after it has been received by the Designating Party.  In the case of testimony or exhibits

designated HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL – RESTRICTED

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   SEQUENCE DATA, or CONFIDENTIAL following conclusion of the deposition, all parties

2   shall mark the appropriate legend on all copies of the deposition transcript and its exhibits and

3   treat the information as Protected Information from the date they are notified of such designation,

4   if the reporter does not do so.  In the event of disagreement about the protected status of a

5   deposition or hearing transcript or exhibit, it shall be treated as HIGHLY CONFIDENTIAL or, in

6   the case of sequence data, HIGHLY CONFIDENTIAL – RESTRICTED SEQUENCE DATA,

7   until the Court rules otherwise.

8       5.    All designations of material as HIGHLY CONFIDENTIAL or CONFIDENTIAL

9   shall be made in good faith by the Designating Party and made at the time of disclosure,

10  production or tender to the Receiving Party, or at such other time as permitted by this Order,

11  provided that the inadvertent failure to so designate does not constitute a waiver of a claim to

12  such designation, and a party may so designate material thereafter subject to the protections of

13  this Order.  Nothing shall be designated as HIGHLY CONFIDENTIAL except information that is

14  clearly a trade secret or has a compelling need for confidentiality and discloses:

15          a.    a pending patent application;

16          b.    ongoing new product research;

17          c.    marketing strategies or strategic plans;

18          d.    a product's cost or margin; or

19          e.    information about one or more specific customers.

20      6.    A Disclosing Party may specially designate sequence data as HIGHLY

21  CONFIDENTIAL – RESTRICTED SEQUENCE DATA.  Such designation shall be made in

22  good faith by the Designating Party and made at the time of disclosure, production or tender to

23  the Receiving Party, or at such other time as permitted by this Order, provided that the

24  inadvertent failure to so designate does not constitute a waiver of a claim to such designation, and

25  a party may so designate material thereafter subject to the protections of this Order.  Nothing shall

26  be designated as HIGHLY CONFIDENTIAL – RESTRICTED SEQUENCE DATA except

27  information that is clearly a trade secret or has a compelling need for confidentiality and discloses

28  the sequence of a nucleic acid or peptide nucleic acid probe or probe fragment within a product or

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   product under development, or the name or sequence of a clone that includes a probe or probe

2   fragment.

3         7.    Each Party or non-party that designates information or items for protection under

4   this Order must take care to limit any such designation to specific material that qualifies under the

5   appropriate standards.  A Designating Party must take care to designate for protection only those

6   parts of material, documents, items, or oral or written communications that qualify – so that other

7   portions of the material, document, items, or communications for which protection is not

8   warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or

9   routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or

10  that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case

11  development process, or to impose unnecessary expenses and burdens on other parties), expose

12  the Designating Party to sanctions.

13        8.    If it comes to a Designating Party's attention that information or items that it

14  designated for protection do not qualify for protection at all, or do not qualify for the level of

15  protection initially asserted, such Designating Party must promptly notify all other parties that it

16  is withdrawing the mistaken designation.

17        9.    Inadvertent (*i.e.*, unintentional) production of documents (including physical

18  objects) subject to work product immunity, the attorney-client privilege, the right of privacy, or

19  any other applicable privilege, shall not constitute a waiver of the immunity or privilege, provided

20  that the Designating Party shall notify the Receiving Party in writing of such inadvertent

21  production promptly after the Designating Party discovers such inadvertent production.  After

22  notification is made, the Receiving Party shall immediately return to the Designating Party all

23  copies of such inadvertently produced documents and shall immediately confirm in writing that

24  all such copies have been returned.  Nothing herein shall prevent the Receiving Party from

25  challenging the propriety of the privilege or immunity designation by promptly filing an

26  appropriate motion with the court, but the Receiving Party shall not challenge the propriety of the

27  privilege or immunity designation on the grounds that the privilege or immunity was waived by

28  production of the document or thing.  If no such challenge is brought, or if any such challenge is

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   unsuccessful, no use shall be made of such documents during deposition or in any proceeding

2   before the Court, nor shall they be shown to anyone who was not given access to them prior to the

3   request to return such documents.  Furthermore, if no such challenge is brought, or if any such

4   challenge is unsuccessful, the Receiving Party shall promptly confirm in writing that any

5   analyses, memoranda or notes that were internally generated based upon such inadvertently

6   produced information have been deleted and/or destroyed.

7       10.    Unless otherwise ordered by the Court or permitted in writing by the Designating

8   Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL"

9   only to the following Qualified Persons:

10      a.    the Receiving Party's outside counsel of record in this action (Fenwick &

11  West LLP and Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.), as well as employees

12  of said outside counsel to whom it is reasonably necessary to disclose the information or item for

13  this litigation and who have signed the Confidentiality Agreement that is attached hereto as

14  Exhibit A;

15      b.    the officers, directors, and employees (including in-house counsel) of the

16  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

17  signed the Confidentiality Agreement (Exhibit A);

18      c.    independent consultants and expert witnesses retained by or for the parties

19  or counsel for the parties, including technical consultants and accounting or financial experts,

20  subject to the provisions of paragraph 11;

21      d.    the Court and its personnel;

22      e.    court reporters, their staffs, and professional vendors to whom disclosure is

23  reasonably necessary for this litigation and who have signed the Confidentiality Agreement

24  (Exhibit A); and

25      f.    the author of the document or the original source of the information.

26      11.    The independent consultants and expert witnesses defined as Qualified Persons in

27  paragraph 10(c) shall be allowed access to CONFIDENTIAL Protected Information only after the

28  Receiving Party has complied with the following procedure:

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1     a.  Before receiving any CONFIDENTIAL Protected Information, the

2 consultant or expert shall be furnished with a copy of this Order and shall acknowledge, by

3 executing the Confidentiality Agreement in the form attached hereto as Exhibit A, that he or she

4 has read this Order, understands it, and agrees to be bound by it, and also expressly consents to

5 the jurisdiction of this Court in connection with any proceeding or hearing relating to the

6 enforcement of this Order.

7     b.  Outside counsel for the Receiving Party shall furnish a copy of the

8 executed Confidentiality Agreement to the Designating Party, along with a curriculum vitae of

9 the consultant or expert.

10     c.  The Designating Party will have seven (7) court days to object in writing to

11 the disclosure of CONFIDENTIAL Protected Information to the independent consultant or

12 expert.  If objection to the disclosure is made within seven (7) court days, the objecting party

13 shall, no later than five (5) court days after objection, petition the Court for an order prohibiting

14 the disclosure at issue.  The objecting party shall have the burden of persuasion that disclosure

15 should not be made.  If an objection is made, no CONFIDENTIAL Protected Information shall be

16 made available to the particular person until after the Court rules that disclosure can be made, so

17 long as the objection is followed by a timely petition.

18   12.  Unless otherwise ordered by the Court or permitted in writing by the Designating

19 Party, a Receiving Party may disclose any information or item designated "HIGHLY

20 CONFIDENTIAL" only to the following Qualified Persons:

21     a.  the Receiving Party's outside counsel of record in this action (Fenwick &

22 West LLP and Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.), as well as employees

23 of said outside counsel to whom it is reasonably necessary to disclose the information or item for

24 this litigation and who have signed the Confidentiality Agreement that is attached hereto as

25 Exhibit A;

26     b.  for Abbott:  no more than three (3) in-house counsel who have no

27 responsibility for competitive decision-making or for patent prosecution relating to FISH

28 detection kits, and who sign the Confidentiality Agreement (Exhibit A) and have it served on the

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   opposing party prior to disclosure;

2            c.    for Dako:  no more than three (3) in-house counsel who have no

3   responsibility for competitive decision-making or for patent prosecution relating to FISH

4   detection kits, and who sign the Confidentiality Agreement (Exhibit A) and have it served on the

5   opposing party prior to disclosure;

6            d.    for The Regents:  no more than three (3) in-house counsel within the Office

7   of Technology Transfer who have no responsibility for competitive decision-making or for patent

8   prosecution relating to FISH detection kits, and who sign the Confidentiality Agreement (Exhibit

9   A) and have it served on the opposing party prior to disclosure;

10           e.    independent consultants and expert witnesses retained by or for the parties

11   or counsel for the parties, including technical consultants and accounting or financial experts,

12   subject to the provisions of paragraph 14;

13           f.    the Court and its personnel;

14           g.    court reporters, their staffs, and professional vendors to whom disclosure is

15   reasonably necessary for this litigation and who have signed the Confidentiality Agreement

16   (Exhibit A); and

17           h.    the author of the document or the original source of the information.

18       13.    Unless otherwise ordered by the Court or permitted in writing by the Designating

19   Party, a Receiving Party may disclose any information or item designated "HIGHLY

20   CONFIDENTIAL – RESTRICTED SEQUENCE DATA" only to the following Qualified

21   Persons:

22           a.    the Receiving Party's outside counsel of record in this action (Fenwick &

23   West LLP and Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.), as well as employees

24   of said outside counsel to whom it is reasonably necessary to disclose the information or item for

25   this litigation and who have signed the Confidentiality Agreement that is attached hereto as

26   Exhibit A;

27           b.    independent consultants and expert witnesses retained by or for the parties

28   or counsel for the parties, including technical consultants and accounting or financial experts,

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    subject to the provisions of paragraph 14;

2              c.       the Court and its personnel;

3              d.       court reporters, their staffs, and professional vendors to whom disclosure is

4    reasonably necessary for this litigation and who have signed the Confidentiality Agreement

5    (Exhibit A); and

6              e.       the author of the document or the original source of the information.

7         14.      The independent consultants and expert witnesses referred to in paragraphs 12(e)

8    and 13(b) shall be allowed access to HIGHLY CONFIDENTIAL and HIGHLY

9    CONFIDENTIAL – RESTRICTED SEQUENCE DATA Protected Information only after the

10   Receiving Party has complied with the following procedure:

11             a.       Unless otherwise ordered by the Court or agreed in writing by the

12   Designating Party, a Receiving Party that seeks to disclose to an independent consultant or expert

13   any information or item that has been designated "HIGHLY CONFIDENTIAL" or "HIGHLY

14   CONFIDENTIAL – RESTRICTED SEQUENCE DATA" first must make a written request to the

15   Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL or HIGHLY

16   CONFIDENTIAL – RESTRICTED SEQUENCE DATA information that the Receiving Party

17   seeks permission to disclose to the consultant and expert, (2) sets forth the full name of the

18   consultant and expert and the city and state of his or her primary residence, (3) attaches a copy of

19   the consultant or expert's current resume and signed Confidentiality Agreement (Exhibit A), (4)

20   identifies the consultant or expert's current employer(s), (5) identifies each person or entity from

21   whom the consultant or expert has received compensation for work in his or her areas of expertise

22   or to whom the consultant or expert has provided professional services at any time during the

23   preceding five years, and (6) identifies (by name and number of the case, filing date, and location

24   of court) any litigation in connection with which the consultant or expert has provided

25   professional services during the preceding five years.  Nothing in this paragraph shall require a

26   Receiving Party or consultant or expert to make any disclosure that is inconsistent with the

27   consultant or expert's obligations to maintain the confidentiality of information and/or that is

28   inconsistent with a court order.  In such circumstances, the Receiving Party or consultant or

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   expert shall, at the time of the request, describe in writing why a full disclosure of the information

2   set forth in Paragraph 14(a) cannot be made.

3          b.    A Receiving Party that makes a request and provides the information

4   specified in the preceding paragraph may disclose the subject HIGHLY CONFIDENTIAL or

5   HIGHLY CONFIDENTIAL – RESTRICTED SEQUENCE DATA information to the identified

6   consultant or expert unless, within seven (7) court days of delivering the request, the Receiving

7   Party receives a written objection from the Designating Party.  Any such objection must set forth

8   in detail the grounds on which it is based.

9          c.    A Receiving Party that receives a timely written objection must meet and

10   confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

11   matter by agreement.  If no agreement is reached, the Receiving Party seeking to make the

12   disclosure to the consultant or expert may file a motion as provided in Civil Local Rule 7 (and in

13   compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so.

14   Any such motion must describe the circumstances with specificity, set forth in detail the reasons

15   for which the disclosure to the consultant or expert is reasonably necessary, assess the risk of

16   harm that the disclosure would entail and suggest any additional means that might be used to

17   reduce that risk.  In addition to any such motion must be accompanied by a competent declaration

18   in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the

19   extent and the content of the meet and confer discussions) and sets forth the reasons advanced by

20   the Designating Party for its refusal to approve the disclosure.

21          d.    In any such proceeding, the Designating Party opposing disclosure to the

22   consultant or expert shall bear the burden of proving that the risk of harm that the disclosure

23   would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose

24   the HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL – RESTRICTED SEQUENCE

25   DATA information to its consultant or expert.

26        15.    Protected Information and the substance or contents thereof, including any notes,

27   memoranda or other similar documents relating thereto, shall be used by a Receiving Party, and

28   anyone else permitted access to such information under this Order, solely for the purpose of this

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   action and any appeals therefrom, and shall not be disclosed or used in any other legal

2   proceeding, including any legal proceeding involving any of the parties, or for any other purpose.

3   It shall not be made available, or disclosed, or summarized to any persons, except as may be

4   permitted by, and subject to the restrictions in, this Order.

5       16.     Any person in possession of Protected Information shall exercise reasonably

6   appropriate care with regard to the storage, custody or use of such Protected Information in order

7   to ensure that the secrecy of the information is maintained.

8       17.     If Protected Information is disclosed to anyone other than in a manner authorized

9   by this Order, the party responsible for such disclosure must immediately bring all pertinent facts

10  relating to such disclosure to the attention of the Designating Party and make every reasonable

11  effort to retrieve such Protected Information and to prevent further disclosure.

12      18.     When Protected Information is discussed, quoted or referred to in any deposition,

13  the party discussing, quoting or referring to such information shall ensure that the only persons

14  present are those permitted by paragraphs 10, 12, or 13 of this Order, as the case may be, to have

15  access to such Protected Information.

16      19.     During the course of preparing for a deposition or testimony, a fact

17  deponent/witness may be shown another party's Protected Information that appears to be

18  authored or received in the normal course of business by the deponent/witness.  Use of Protected

19  Information during a deposition shall be subject to compliance with this Order.

20      20.     This Order shall not bar any attorney herein in the course of rendering advice to

21  his or her client with respect to this action from conveying to any party client his or her

22  evaluation in a general way of CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY

23  CONFIDENTIAL – RESTRICTED SEQUENCE DATA  information produced or exchanged

24  herein; provided, however, that in rendering such advice or otherwise communicating with his or

25  her client, the attorney shall not disclose the specific contents of any CONFIDENTIAL, HIGHLY

26  CONFIDENTIAL, HIGHLY CONFIDENTIAL – RESTRICTED SEQUENCE DATA

27  information produced by another party herein contrary to the terms of this Order.

28      21.     Any pleading, paper or other document filed or lodged in this action that contains

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    or discloses Protected Information shall be filed under seal in accordance with Civil Local Rule

2    79-5 and Judge Patel's Standing Orders.  A party shall designate information disclosed at a

3    hearing or trial as Protected Information by requesting the Court, at the time the information is

4    proffered or adduced, to receive the information only in the presence of those persons designated

5    to receive such information, and to designate the transcript appropriately.

6         22.     Entering into, agreeing to, or producing or receiving Protected Information or

7    otherwise complying with the terms of this Order shall not:

8         a.     operate as an admission by any party that any material designated as

9    Protected Information contains or reflects trade secrets or any other type of confidential or

10   proprietary information entitled to protection under applicable law;

11        b.     prejudice in any way the rights of any party to object to the production of

12   documents it considers not subject to discovery, or operate as an admission to any party that the

13   restrictions and procedures set forth herein constitute adequate protection for any particular

14   information deemed by any party to be Protected Information;

15        c.     prejudice in any way the rights of any party to object to the authenticity or

16   admissibility in evidence of any information subject to this Order;

17        d.     prejudice in any way the rights of any party to seek a determination by the

18   Court whether any Protected Information should be subject to the terms of this Order;

19        e.     prejudice in any way the rights of any party to petition the Court for a

20   further protective order relating to any purportedly Protected Information;

21        f.     prejudice in any way the rights of any party to petition the Court for

22   permission to disclose or use particular Protected Information more broadly than would otherwise

23   be permitted by the terms of this Order; or

24        g.     prevent any Designating Party from agreeing to alter or waive the

25   provisions or protection provided for herein with respect to any particular material designated as

26   Protected Information by that party.

27        23.     Neither stipulation by a party to the terms of this Order nor failure of a party, at the

28   time it receives materials designated as HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   – RESTRICTED SEQUENCE DATA, or CONFIDENTIAL, to challenge or object to the

2   HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL – RESTRICTED SEQUENCE DATA

3   or CONFIDENTIAL designation shall be deemed a waiver of its right to challenge or object to

4   the designations at any later time.  Any party may at any time challenge the designation of any

5   materials or information as HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL –

6   RESTRICTED SEQUENCE DATA or CONFIDENTIAL and may request permission to use or

7   disclose materials or information with the HIGHLY CONFIDENTIAL, HIGHLY

8   CONFIDENTIAL - RESTRICTED SEQUENCE DATA, or CONFIDENTIAL designation other

9   than as permitted, pursuant to this paragraph by serving (by facsimile and e-mail transmission) a

10   written request upon counsel for the Designating Party at least seven (7) court days before the

11   date of the proposed disclosure and by providing telephonic notice of such request on the same

12   date as the facsimile and e-mail transmission.  Such request shall specifically identify the

13   Protected Information, including Bates label if applicable, sought to be disclosed and the name,

14   title and function of the person to whom disclosure is desired to be made.  The Designating Party

15   shall thereafter respond to the request in writing within seven (7) court days after receipt of same.

16   Absent good cause shown, a failure to respond within such time shall constitute consent to the

17   request.  If, where consent has been withheld, the parties are subsequently unable to agree on the

18   terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the

19   party seeking disclosure.  Disclosure shall be postponed until a ruling has been obtained from the

20   Court.

21       24.    All provisions of this Order restricting the use of information obtained during

22   discovery shall continue to be binding on the parties and all persons who have received Protected

23   Information under this Order, after the conclusion of this action, including all appeals, until

24   further Order of the Court, unless the parties agree otherwise in writing.  Any and all originals

25   and copies of Protected Information shall, at the request of the Designating Party, be returned to

26   the party within sixty (60) calendar days after a final judgment herein or settlement of this action,

27   or, at the option of the Designating Party, destroyed in that time frame, except that outside

28   counsel for each party may maintain in its files one copy of each pleading filed with the Court,

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  each deposition transcript together with the exhibits marked at the deposition, one copy of each

2  piece of correspondence, and documents constituting work product which were internally

3  generated based upon or which include Protected Information.  In the event that outside counsel

4  maintains such documents, it shall not disclose material containing any Protected Information to

5  any third party absent subpoena or court order.  Upon receipt of any subpoena for such

6  information, the party receiving the subpoena shall immediately notify outside counsel for the

7  Designating Party of the subpoena so that the latter may protect its interests.  In the event that

8  documents are returned to or destroyed at the request of the Designating Party, the other party or

9  its outside counsel shall certify in writing that all such documents have been returned or

10  destroyed, as the case may be.

11      25.      Non-parties who produce information in this action may avail themselves of the

12  provisions of this Order and Protected Information produced by non-parties shall be treated by the

13  parties in conformance with this Order.

14      26.      Until such time as this Order has been entered by the Court, the parties agree that

15  upon execution by the parties, it will be treated as though it had been so ordered.

16  Dated: May 17, 2006                    Respectfully submitted,

17                                          FENWICK & WEST LLP

18

19                                          By:    /s/Lynn H. Pasahow
                                                  Lynn H. Pasahow
20
                                            Virginia K. DeMarchi (CSB No. 168633)
21                                          (vdemarchi@fenwick.com)
                                            Michael J. Shuster (CSB No. 191611)
22                                          (mshuster@fenwick.com)
                                            Carolyn C. Chang (CSB No. 217933)
23                                          (cchang@fenwick.com)
                                            C. J. Alice Chen (CSB No. 228556)
24                                          (achen@fenwick.com)

25                                          Attorneys for Plaintiffs/Counterclaim-Defendants
                                            THE REGENTS OF THE UNIVERSITY OF
26                                          CALIFORNIA, ABBOTT MOLECULAR INC.
                                            and ABBOTT LABORATORIES INC.
27

28

[PROPOSED] PROTECTIVE ORDER                              14
CASE NO. C 05-03955 MHP

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

2

3   Dated: _____May 17_____, 2006          FINNEGAN, HENDERSON, FARABOW,
                                            GARRETT & DUNNER, L.L.P.
4

5

6   By: _____
        Richard J. Smith
7
    Tina E. Hulse (CSB No. 232936)
8   (tina.hulse@finnegan.com)
    Thomas H. Jenkins (admitted *pro hac vice*)
9   (tom.jenkins@finnegan.com)
    Anthony C. Tridico (admitted *pro hac vice*)
10  (anthony.tridico@finnegan.com)
    901 New York Avenue
11  Washington, D.C.   20001-4413
    Telephone:  (202) 408-4000
12  Facsimile:  (202) 408-4400

13  Attorneys for Defendant/Counterclaim-
    Plaintiff
14
    DAKOCYTOMATION CALIFORNIA,
15  INC.

16  **IT IS SO ORDERED.**

17

18  Dated: _____May 18_____, 2006

19

20                                          THE _____ PATEL
                                            U_____ Judge
21

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER
CASE NO. C 05-03955 MHP

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

IT IS SO ORDERED
Judge Marilyn H. Patel
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____ state:

1.   I reside at _____

_____.

2.   I have received a copy of the Protective Order executed by counsel for the parties on _____, 2006 on behalf of The Regents of the University of California, Abbott Molecular Inc., Abbott Laboratories Inc., and DakoCytomation California, Inc. in the action entitled *The Regents of the University of California, et al. v. DakoCytomation California, Inc.,* Civil Action No. C 05-03955 MHP, United States District Court, Northern District of California. I have carefully read and understand the provisions of said Protective Order.

3.   I am fully familiar with and agree to comply with and be bound by the provisions of said Protective Order. I understand that I am to retain all copies of any designated Protected Information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any designated Protected Information are to be returned to counsel who provided me with such material. I will not divulge any Protected Information to persons other than those specifically authorized by said Protective Order, and will not copy or use any Protected Information, other than as provided in said Protective Order. I agree to submit to the jurisdiction of the Court for purposes of enforcement of said Protective Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _____ day of _____, 20___.

_____

22766/00442/LIT/1236780.8