**COUNSEL LISTED ON SIGNATURE PAGE**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ABBOTT MOLECULAR INC., and ABBOTT LABORATORIES INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DAKO NORTH AMERICA, INC. and DAKO DENMARK A/S,<br><br>Defendants. | Case No. C-05-03955 MHP<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING INFRINGEMENT**<br><br>Judge:  Marilyn Hall Patel |
| AND RELATED COUNTERCLAIMS | |

To facilitate the narrowing of issues for the Court and jury at trial, plaintiffs The Regents of the University of California, Abbott Molecular Inc., and Abbot Laboratories Inc. and defendants Dako North America, Inc. and Dako Denmark A/S ("Dako") stipulate, for the purposes of this litigation only, as follows:

1)      Dako does not contest that its HER2 FISH pharmDX kit, *TOP2A/*CEN-17 FISH Probe Mix, *EGFR*/CEN-7 FISH Probe Mix and *BCR* FISH DNA Probe products have been and continue to be used in the United States to practice all limitations of claims 1, 5, 6, 11, 12, and 13 of U.S. Patent No. 5,447,841 ("the '841 patent") except the "blocking nucleic acid" limitation.

STIPULATION RE:
INFRINGEMENT                                                                                                    CASE NO. C-05-03955 MHP

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

  2) Dako does not contest that the *BCR* FISH DNA Probe product has been and continues to be used in the United States to practice all limitations of claims 7 and 8 of the '841 patent except the "blocking nucleic acid" limitation.

  3) Accordingly, the only issue in dispute on Plaintiffs' claim of infringement of the '841 patent is whether the PNA blocking probes in Dako's *HER2* FISH pharmDX kit, *TOP2A/*CEN-17 FISH Probe Mix, *EGFR*/CEN-7 FISH Probe Mix and *BCR* FISH DNA Probe products, or the PNA blocking probes and total human DNA in Dako's *EGFR*/CEN-7 FISH Probe Mix and *BCR* FISH DNA Probe products are equivalent to the "blocking nucleic acid" limitation of claims 1, 5, 6, 7, 8, 11, 12, and 13.

  4) The jury shall be instructed that if it finds that Dako's PNA blocking probes alone or in combination with total human DNA are equivalent to the "blocking nucleic acid" limitation, then it should find infringement of claims 1, 5, 6, 7, 8, 11, 12, and 13. The jury shall also be instructed on the doctrine of equivalents. However, the parties agree that the jury does not need to be instructed on direct infringement, literal infringement, and indirect infringement (*see* N.D. Cal. Model Patent Jury Instructions Nos. 3.2, 3.3, 3.8, 3.9, and 3.10).

  5) The only interrogatories on infringement in the jury verdict form shall be as follows:

    a. Has the University and Abbott proven that it is more likely than not that Dako's PNA blocking probes are equivalent to the "blocking nucleic acid" limitation of claims 1, 5, 6, 7, 8, 11, 12, and 13 of the '841 patent, and that Dako therefore infringes those claims?

    b. Has the University and Abbott proven that it is more likely than not that Dako's PNA blocking probes in combination with total human DNA probes are equivalent to the "blocking nucleic acid" limitation of claims 1, 5, 6, 7, 8, 11, 12, and 13 of the '841 patent, and that Dako therefore infringes those claims?

  6) If the jury finds in favor of the UC and Abbott on the first interrogatory, and this verdict survives post-trial motions under Fed. R. Civ. P. 50., then the court shall enter judgment as follows:

      a.   Dako and its customers' use in the United States of the *HER2* FISH pharmDX kit, *TOP2A/*CEN-17 FISH Probe Mix, *EGFR*/CEN-7 FISH Probe Mix and *BCR* FISH DNA Probe products directly infringes claims 1, 5, 6, 11, 12, and 13 of the '841 patent;

      b.   Dako and its customers' use in the United States of the *BCR* FISH DNA Probe product directly infringes claims 7 and 8 of the '841 patent.

      c.   Dako is liable for inducement of infringement under 35 U.S.C. § 271(b); and

      d.   Dako is liable for contributory infringement under 35 U.S.C. § 271(c).

7) If the jury finds against the UC and Abbott on the first interrogatory, but finds in favor of the UC and Abbott on the second interrogatory, and this verdict survives post-trial motions under Fed. R. Civ. P. 50, then the Court shall enter judgment as follows:

      a.   Dako and its customers' use in the United States of the *HER2* FISH pharmDX kit and *TOP2A/*CEN-17 FISH Probe Mix do not infringe any of the asserted claims of the '841 patent;

      b.   Dako and its customers' use in the United States of the *EGFR*/CEN-7 FISH Probe Mix and *BCR* FISH DNA Probe products directly infringes claims 1, 5, 6, 11, 12, 13, of the '841 patent;

      c.   Dako and its customers' use in the United States of the *BCR* FISH DNA Probe product directly infringes claims 7 and 8 of the '841 patent;

      d.   Dako is liable for inducement of infringement under 35 U.S.C. § 271(b); and

      e.   Dako is liable for contributory infringement under 35 U.S.C. § 271(c).

8) If the jury finds against the UC and Abbott on both interrogatories, and this verdict survives post-trial motions under Fed. R. Civ. P. 50, then the Court shall enter judgment as follows:

      a.   Dako and its customers' use in the United States of the *HER2* FISH pharmDX kit, *TOP2A/*CEN-17 FISH Probe Mix, *EGFR*/CEN-7 FISH Probe Mix, and *BCR* FISH DNA Probe do not infringe any of the asserted claims of the '841 patent.

9) Consistent with the stipulation regarding representative products, the Court shall

1  also enter similar judgments with respect to Dako's other accused products.

2

3  Dated: April 24, 2009                             FENWICK & WEST LLP

4                                                    By:        /s/ Carolyn Chang
                                                              Carolyn Chang

5                                                    LYNN H. PASAHOW (CSB No. 054283)
                                                     (lpasahow@fenwick.com)
6                                                    MICHAEL J. SHUSTER (CSB No. 191611)
                                                     (mshuster@fenwick.com)
7                                                    HEATHER N. MEWES (CSB No. 203690)
                                                     (hmewes@fenwick.com)
8                                                    CAROLYN CHANG (CSB No. 217933)
                                                     (cchang@fenwick.com)
9                                                    C. J. ALICE CHUANG (CSB No. 228556)
                                                     (achuang@fenwick.com)
10                                                   FENWICK & WEST LLP
                                                     801 California Street
11                                                   Mountain View, CA 94041
                                                     Telephone: 650.988.8500
12                                                   Facsimile: 650.938.5200

13                                                   Attorneys for Plaintiffs
                                                     THE REGENTS OF THE UNIVERSITY OF
14                                                   CALIFORNIA, ABBOTT MOLECULAR
                                                     INC., and ABBOTT LABORATORIES INC.
15

16 Dated: April 24, 2009                             FINNEGAN, HENDERSON, FARABOW,
                                                     GARRETT & DUNNER, L.L.P.
17
                                                     By:        /s/ Tina E. Hulse
18                                                            Tina E. Hulse

19                                                   TINA E. HULSE (CSB #232936)
                                                     (tina.hulse@finnegan.com)
20                                                   WESLEY B. DERRICK (CSB #244944)
                                                     (wesley.derrick@finnegan.com)
21                                                   FINNEGAN, HENDERSON, FARABLOW,
                                                     GARRETT & DUNNER, L.L.P.
22                                                   Stanford Research Park
                                                     33 Hillview Avenue
23                                                   Palo Alto, CA 94304-1203

24                                                   Attorneys for Defendants
                                                     DAKO NORTH AMERICA, INC. and DAKO
25                                                   DENMARK A/S

26

27

28

STIPULATION RE:
INFRINGEMENT                          4                      CASE NO. C-05-03955 MHP

# ORDER

Pursuant to the foregoing Stipulation, and good cause appearing, the Court hereby orders as follows:

1) Dako will not contest that its HER2 FISH pharmDX kit, *TOP2A/*CEN-17 FISH Probe Mix, *EGFR*/CEN-7 FISH Probe Mix and *BCR* FISH DNA Probe products have been and continue to be used in the United States to practice all limitations of claims 1, 5, 6, 11, 12, and 13 of U.S. Patent No. 5,447,841 ("the '841 patent") except the "blocking nucleic acid" limitation.

2) Dako will not contest that the *BCR* FISH DNA Probe product has been and continues to be used in the United States to practice all limitations of claims 7 and 8 of the '841 patent except the "blocking nucleic acid" limitation.

3) Accordingly, the only issue in dispute on Plaintiffs' claim of infringement of the '841 patent is whether the PNA blocking probes in Dako's *HER2* FISH pharmDX kit, *TOP2A/*CEN-17 FISH Probe Mix, *EGFR*/CEN-7 FISH Probe Mix and *BCR* FISH DNA Probe products, or the PNA blocking probes and total human DNA in Dako's *EGFR*/CEN-7 FISH Probe Mix and *BCR* FISH DNA Probe products are equivalent to the "blocking nucleic acid" limitation of claims 1, 5, 6, 7, 8, 11, 12, and 13.

4) The jury shall be instructed that if it finds that Dako's PNA blocking probes alone or in combination with total human DNA are equivalent to the "blocking nucleic acid" limitation, then it should find infringement of claims 1, 5, 6, 7, 8, 11, 12, and 13. The jury shall also be instructed on the doctrine of equivalents. The jury does not need to be instructed on direct infringement, literal infringement, and indirect infringement (*see* N.D. Cal. Model Patent Jury Instructions Nos. 3.2, 3.3, 3.8, 3.9, and 3.10).

5) The only interrogatories on infringement in the jury verdict form shall be as follows:

   a. Has the University and Abbott proven that it is more likely than not that Dako's PNA blocking probes are equivalent to the "blocking nucleic acid" limitation of claims 1, 5, 6, 7, 8, 11, 12, and 13 of the '841 patent, and that Dako therefore infringes those claims?

  b. Has the University and Abbott proven that it is more likely than not that Dako's PNA blocking probes in combination with total human DNA probes are equivalent to the "blocking nucleic acid" limitation of claims 1, 5, 6, 7, 8, 11, 12, and 13 of the '841 patent, and that Dako therefore infringes those claims?

6) If the jury finds in favor of the UC and Abbott on the first interrogatory, and this verdict survives post-trial motions under Fed. R. Civ. P. 50., then the court shall enter judgment as follows:

  a. Dako and its customers' use in the United States of the *HER2* FISH pharmDX kit, *TOP2A/*CEN-17 FISH Probe Mix, *EGFR*/CEN-7 FISH Probe Mix and *BCR* FISH DNA Probe products directly infringes claims 1, 5, 6, 11, 12, and 13 of the '841 patent;

  b. Dako and its customers' use in the United States of the *BCR* FISH DNA Probe product directly infringes claims 7 and 8 of the '841 patent.

  c. Dako is liable for inducement of infringement under 35 U.S.C. § 271(b); and

  d. Dako is liable for contributory infringement under 35 U.S.C. § 271(c).

7) If the jury finds against the UC and Abbott on the first interrogatory, but finds in favor of the UC and Abbott on the second interrogatory, and this verdict survives post-trial motions under Fed. R. Civ. P. 50, then the Court shall enter judgment as follows:

  a. Dako and its customers' use in the United States of the *HER2* FISH pharmDX kit and *TOP2A/*CEN-17 FISH Probe Mix do not infringe any of the asserted claims of the '841 patent;

  b. Dako and its customers' use in the United States of the *EGFR*/CEN-7 FISH Probe Mix and *BCR* FISH DNA Probe products directly infringes claims 1, 5, 6, 11, 12, 13, of the '841 patent;

  c. Dako and its customers' use in the United States of the *BCR* FISH DNA Probe product directly infringes claims 7 and 8 of the '841 patent;

  d. Dako is liable for inducement of infringement under 35 U.S.C. § 271(b); and

  e. Dako is liable for contributory infringement under 35 U.S.C. § 271(c).

STIPULATION RE:
INFRINGEMENT        6        CASE NO. C-05-03955 MHP

8) If the jury finds against the UC and Abbott on both interrogatories, and this verdict survives post-trial motions under Fed. R. Civ. P. 50, then the Court shall enter judgment as follows:

    a. Dako and its customers' use in the United States of the *HER2* FISH pharmDX kit, *TOP2A/*CEN-17 FISH Probe Mix, *EGFR*/CEN-7 FISH Probe Mix, and *BCR* FISH DNA Probe do not infringe any of the asserted claims of the '841 patent.

9) Consistent with the stipulation regarding representative products, the Court shall also enter similar judgments with respect to Dako's other accused products.

**IT IS SO ORDERED.**

Dated: __4/30_____, 2009

By: _____
The Honorable Marilyn H. Patel
United States District Judge
Northern District of California

